THE CITY OF ASBURY PARK, PROSECUTOR, v. J. EDWARD KNIGHT, JUDGE OF THE COMMON PLEAS COURT IN AND FOR MONMOUTH COUNTY, AND JAMES SULLIVAN, RESPONDENTS.

Submitted May 15, 1936—Decided September 10, 1936.

Before Justices Parker, Lloyd and Donges.

For the prosecutor, *Ward Kremer.*

For the respondents, *Lester C. Leonard.*

Per Curiam.

This case involves the removal of a policeman by the city manager of Asbury Park, appeal to the Common Pleas, reversal and reinstatement of the officer.

The charges on which the conviction (subsequently reversed) was based were bribery in accepting the sum of $5 to suppress knowledge of crime, signing the name of a magistrate to a warrant, and without authorization of that officer representing that it was properly issued, and finally withholding information of the existence of a gambling resort in Asbury Park.

We are called on to deal with the case under writ of *certiorari,* and hence obliged to pass upon the evidence, the weight of which is the sole ground upon which the review is rested. Under the obligation imposed by the burden of proof of guilt our conclusion is that upon the proofs taken before the judge of the Common Pleas Court on appeal (heard by him *de novo* under chapter 29 of the laws of 1935, *N. J. Stat. Annual* 1935, § *136-1603a) a finding in favor of the defendant was properly made.

A fact to challenge immediate attention is that the offenses, if committed at all, were committed nearly two years before the charges were made. Conviction, if justified, must rest substantially upon the testimony of a fellow officer named Bell and an illicit liquor dealer named Brown. Both of these men possessed in the fall of 1933 all the knowledge they claimed to have when testifying in 1936. Why Officer Bell should have kept the information to himself if he believed that the crime of bribery had been committed is not explained. Under these circumstances we conclude that the charges, specifically denied by the respondent, were not sustained and the judgment is affirmed, with costs.